UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEITH HAYWOOD,
                              Plaintiff,


                                                          **Hon. Hugh B. Scott**

                              v.
                                                          05CV190
                                                          (CONSENT)


NABISCO, INC.[1],                                         **Order**

                              Defendant.



         Before the Court is defendant's motion to reconsider dismissal of this action without

prejudice (Docket No. 33) upon plaintiff's earlier motion to voluntarily discontinue action with

prejudice (Docket No. 29; see Docket No. 31).  The parties consented to proceed before the

undersigned as Magistrate Judge and the case was so referred on November 8, 2005 (Docket

No. 30).  The Court issued a briefing schedule for this motion, with responses due on

December 12, 2005, and any reply due by December 19, 2005, with the motion being deemed

submitted without oral argument (Docket No. 34).  Plaintiff wrote to the Court on November 28,

2005, indicating that he intended to withdraw his action "with prejudice" (Docket No. 35, letter

to Chambers, at 2).

## BACKGROUND

         Plaintiff, proceeding pro se, commenced an action in the United States District Court for

the Southern District of New York while he was in inmate in Clinton, New York.  He then

_____

         [1]Incorrectly identified in the Complaint, its correct name is Kraft Foods Global, Inc. (see
Docket No. 2, Ans.).

moved to withdraw this Southern District action on January 5, 2005, which was granted by that

court on February 4, 2005 (Docket No. 34, Def. Atty. Aff. Ex. A).  He did not state a reason for

that withdrawal or whether it was to be with or without prejudice.  In his letter to this Court,

plaintiff explained that he was advised by prison law library staff in the facilities he was assigned

initially to file the action in the Southern District of New York and later to file a state court

action (Docket No. 35, letter to Chambers at 1).

Plaintiff then commenced a state court action on or about January 17, 2005, as an inmate

in the Attica Correctional Facility in Wyoming County based upon the same facts as were alleged

in the Southern District (Docket No. 1, Notice of Removal ¶ 2).  Defendant then removed this

action to this Court on March 21, 2005 (Docket No. 1).  On plaintiff's motion to withdraw this

removed action, the Court granted dismissal of this action "without prejudice" (Docket No. 31),

and judgment was entered closing this case (Docket No. 32).

In its motion for reconsideration, defendant states that is was not able to submit its

motion papers prior to the Court granting plaintiff's motion (in part) in dismissing without

prejudice (Docket No. 33, Def. Atty. Aff. ¶ 3).  Defendant now contends that plaintiff has

commenced an action in the Southern District of New York based upon the same facts and that

action also was dismissed without prejudice (id. ¶ 4, Ex. A).  Plaintiff in his letter voices no

objection to the dismissal "with prejudice" (Docket No. 35, letter to Chambers at 2).

## DISCUSSION

The issue here is whether this dismissal should be with or without prejudice.

Ordinarily, under Federal Rule of Civil Procedure 41(a)(2), a voluntary dismissal of an

action by a plaintiff after the service of an Answer or absent a stipulation of all parties (as would

be allowed under Rule 41(a)(1)) requires a court Order "upon such terms and conditions as the Court deems proper. . . . Unless otherwise specified in the order, a dismissal under [Rule 41(a)(2)] is **without** prejudice." Fed. R. Civ. P. 41(a)(2) (emphasis added). As previously stated, a dismissal "with prejudice" means that plaintiff could not revive this claim and in effect acts as a dismissal on the merits. A dismissal "without prejudice," however, allows plaintiff to renew this claim at a later date (provided that claim is timely and brought in the appropriate court). This is restated because plaintiff is proceeding pro se and to make clear the distinction.

Plaintiff here sought dismissal "with prejudice" and did not object to such a dismissal (Docket Nos. 29, 35). Defendant now moves to reconsider the dismissal "without prejudice," arguing that this is the second action on the same operative facts to be dismissed upon plaintiff's request to withdraw. Plaintiff reaffirms his desire to dismiss "with prejudice" (Docket No. 35, letter to Chambers at 2), hence precluding his reviving this claim at a latter date.

Since plaintiff was proceeding pro se in this action and the reasons stated for his voluntary dismissal were not related to the merits of his claims, this Court exercised its discretion to set the terms and conditions of a dismissal of this action and dismissed the action "without prejudice" (Docket No. 31, Order at 2). But given the unanimity that this dismissal be "with prejudice," the Court reconsiders its earlier decision and orders dismissal of this action "**with** prejudice" and grants defendant's motion.

## CONCLUSION

For the reasons stated above, defendant's motion for reconsideration (Docket No. 33) is **granted**; dismissal of this action is **with prejudice**. The Court Clerk is instructed to enter an amended judgment consistent with this Order and to close this case.

So Ordered.

_____
s/HBS

Hon. Hugh B. Scott

United States Magistrate Judge

Dated: Buffalo, New York
      November 29, 2005